

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 2·1·13

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY ISADOR RUIZ, | ) Case No. CV 11-9294-AG (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| LELAND McEWEN, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On December 19, 2012, Petitioner filed Objections to the Report and Recommendation. Petitioner mostly simply repeats arguments he made in the Petition and Reply. Petitioner does, however, raise a new claim, that cumulative error deprived him of a fair trial. (<u>Compare</u> Objections at 17-18 (asserting "ground seven") <u>with</u> Pet. (raising only six grounds for relief).) Because Petitioner did not raise this claim in the Petition, the Court declines to address it. <u>Cf. Delgadillo v. Woodford</u>, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (holding that traverse not proper pleading to raise additional grounds for relief or amend petition). Petitioner also asserts

1

in the Objections that his counsel should "have understood that 'the single most critical issue in the case[] <u>was whether petitioner's fingerprints were on the flashlight</u>'" and thus counsel was deficient for failing to consult an expert on the matter. (Objections at 3 (emphasis in original).) Although Petitioner did refer in the Petition to the fact that the flashlight was not tested for his fingerprints, he did so only in the context of his argument that counsel should have filed a motion for new trial based on witness Gomez's allegedly "new" statements, to argue that the evidence against him was not particularly strong. (<u>See</u> Pet. at 16.) He never argued that counsel should have consulted an expert concerning the flashlight and whether it had Petitioner's fingerprints on it. That argument, then, is also not properly raised for the first time in the Objections. <u>Delgadillo</u>, 527 F.3d at 930 n.4.

In any event, it is well established that people often touch things without leaving any fingerprints, <u>see, e.g.</u>, <u>United States v. Burdeau</u>, 168 F.3d 352, 356-57 (9th Cir. 1999) (upholding admission of expert testimony concerning absence of fingerprints and possible reasons for it), and therefore even if the flashlight did not have Petitioner's fingerprints on it, the result of the trial would not likely have changed.

     Having reviewed de novo those portions of the Report and Recommendation to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that (1) the Petition is denied without leave to amend, (2) Petitioner's requests for an evidentiary hearing and to expand the record are denied, and (3) Judgment be entered dismissing this action with prejudice.

DATED: January 31, 2013

ANDREW GUILFORD
U.S. DISTRICT JUDGE